# EXHIBIT A



# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Feb 16, 2021

**Server Name:** Sharon Condrey

| | |
|---|---|
| Entity Served | TESLA MOTORS, INC. (USED IN VA BY: TESLA, INC.) |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 680CL21000115-00 |
| Jurisdiction | VA |



CT#50188

# COMMONWEALTH OF VIRGINIA



LYNCHBURG CIRCUIT COURT
Civil Division
900 COURT STREET P. O. BOX 4
LYNCHBURG VA 24505
(434) 455-2620

Summons

To: TESLA, INC D/B/A TESLA MOTORS
R/A CT CORPORATION SYSTEM
4701 COX RD
STE 285
GLEN ALLEN VA 23060

Case No. 680CL21000115-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, February 10, 2021

Clerk of Court: TODD SWISHER

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: FEINMAN, JAMES
1003 CHURCH ST
LYNCHBURG VA 24505

VIRGINIA:   IN THE CIRCUIT COURT FOR THE CITY OF LYNCHBURG

WESTWARD INVESTMENT
PROPERTIES, L.L.C., a Virginia
Limited Liability Company

and

TONY DEMARCO WEST

    *Plaintiffs*,

v.                                                                          COMPLAINT

TESLA, INC. d/b/a                                           CASE NO.: CL21000115
TESLA MOTORS, INC.,

<u>Please serve:</u>
Registered Agent
C T CORPORATION SYSTEM.
4701 Cox Rd Ste 285
Glen Allen, VA 23060

    *Defendant*.

---

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Westward Investment Properties, L.L.C., a Virginia Limited Liability Company, and Tony DeMarco West (herein Mr. West) and move the Court for judgment against Defendant Tesla, Inc. d/b/a Tesla Motors, Inc. on the following grounds of fact and law:

1. On September 1, 2019, Plaintiffs purchased a new 2019 Tesla Model X, VIN 5YJXCBE26KF192766, manufactured by Tesla, Inc., from a licensed Tesla dealership located at 9850 W. Broad Street, Glen Allen, VA 23060. The vehicle was purchased with an odometer reading of 50 miles, and for a total delivery price of $112,363.44.

2. The vehicle came with a warranty from Tesla, Inc. d/b/a Tesla Motors, Inc.

3. The warranty includes Basic Coverage over the entire vehicle, unless specifically excluded, for four years or 60,000 miles, whichever came first.

4. The vehicle's doors in Plaintiffs' vehicle are covered under the Basic Coverage Warranty.

5. On June 9, 2020, Plaintiff Mr. West delivered the vehicle to the dealership's repair facility. The vehicle's passenger side falcon door was not closing properly. At this time, the vehicle had a mileage of 8,903. The dealership attempted to repair the defect and returned the vehicle to Mr. West on June 09, 2020.

6. On August 26, 2020, Mr. West returned the vehicle to the dealership again, to repair right-hand rear falcon door because it was not closing. The dealership attempted to repair the issue and returned the vehicle to Mr. West on August 26, 2020.

7. On September 23, 2020, Mr. West returned the vehicle to the dealership again because the falcon door both would not close all the way and was opening more slowly. The dealership attempted to repair the defects and returned the vehicle to Mr. West on September 23, 2020.

8. On October 28, 2020, Mr. West returned the vehicle to the dealership for repairs to the passenger falcon door that was still not closing. By this time, the left-hand side rear falcon door was opening slowly or not opening at all. The dealership attempted to repair the defect. The vehicle was returned to Mr. West on October 28, 2020.

9. The defects of the driver's side and passenger's side rear falcon doors not opening and/or closing properly remain unrepaired. Plaintiffs' vehicle is defective,

and cannot be repaired after a reasonable number of attempts. Accordingly, Plaintiffs filed this suit.

10. Written notice of the defects and nonconformities to the warranty enumerated above have been provided to Defendant on January 19, 2021 in accordance with VA Code § 59.1-207.13(E).

## COUNT I – VIOLATION OF THE VIRGINIA MOTOR VEHICLE WARRANTY ENFORCEMENT ACT

11. The facts alleged in paragraphs 1-10 are incorporated herein by reference.

12. The Plaintiffs' vehicle is a "lemon" under the Virginia Motor Vehicle Warranty Enforcement Act (VA Code § 59.1-207.9, et seq.). Plaintiffs are consumers as defined in VA Code § 59.1-207.11. Defendant Tesla, Inc. d/b/a Tesla Motors, Inc. is a manufacturer as defined in VA Code § 59.1-207.11.

13. It is presumed that a reasonable number of repair attempts have been made pursuant to Virginia Code § 59.1-207.13(B)(2). Defendant Tesla, Inc. d/b/a Tesla Motors, Inc. has not conformed the vehicle to the applicable warranty during the Lemon Law rights period, in spite of notice being given within the required period. The Plaintiffs are entitled to a full buy-back of the vehicle, including: the full contract price, all collateral damages, incidental damages, interest, and reasonable attorney's fees (calculated at $500.00 per hour or 1/3rd of the total recovery, whichever is greater) and costs.

## COUNT II – VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

14. The facts alleged in paragraphs 1-10 are incorporated herein by reference.

15. Plaintiffs are consumers as defined in 15 U.S.C. § 2301(3). Defendant meets the definition of a supplier and warrantor as defined in 15 U.S.C. § 2301(4)-(5). The vehicle is a consumer product as defined in 15 U.S.C. § 2301(1).

16. The vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied warranty of merchantability was given to Plaintiffs as a part of the purchase, warranties which meet the definition of written warranty and implied warranty as contained in 15 U.S.C. § 2301(6)-(7), respectively.

17. The Warranty has failed its essential purpose and the Defendant has violated the Act due to their inability to repair or replace the nonconformities within a reasonable time, and their refusal to provide the Plaintiffs with a refund as required in 15 U.S.C. § 2304(a)(1) and (4).

18. The Defendant has also breached its implied warranties of merchantability since the vehicle, in view of the nonconformities that exist and the Defendant's inability to correct them, is not fit for the ordinary purpose for which the vehicle is being used. See 15 U.S.C. §§ 2308, 2310(d).

19. As a proximate result of Defendant's violations of the Magnuson-Moss Warranty Act and breach of their warranties, the Plaintiffs are entitled to rescission of the contract and a full buy-back of the vehicle, including: the full contract price, all collateral damages, incidental damages, interest, and reasonable attorney's fees (calculated at $500.00 per hour or 1/3rd of the total recovery, whichever is greater) and costs. See 15 U.S.C. §§ 2304(a) and 2310(d).

WHEREFORE, Plaintiffs, Westward Investment Properties, L.L.C. and Tony DeMarco West respectfully pray that this Court enter judgment in their favor against the Defendant, granting Plaintiffs' demands: for rescission of the contract, actual damages of $112,363.44, for all incidental damages after purchase, for attorney's fees and costs in the amount of $500.00 per hour or 1/3rd of the total recovery, whichever is greater, and all other relief law and equity may provide.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

Westward Investment Properties, L.L.C. &
Tony DeMarco West

By: _____
Of Counsel

James B. Feinman, Esq. (*VSB # 28125*)
Blake K. Huddleston, Esq. (*VSB # 93572*)
James B. Feinman & Associates
1003 Church Street
PO Box 697
Lynchburg, Virginia 24505
434-846-7603
434-846-0158 (fax)
jb@jfeinman.com
blake@jfeinman.com
*Counsel for Plaintiffs*

```
VALIDATE CASE PAPERS
R... : 210000021?
DATE : 02/10/2021 TIME  ??:?4
CASE : 680CL21000115-00
QCT  : WESTWARD INVESTMENT PROPE...
AMT  : $296.00
```

{3633 / 001}                              Page 5 of 5